

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2007

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5267

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lin v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1235.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1235

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5267
_____

QUAN FA LIN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A97 646 610)
Immigration Judge:  Annie S. Garcy
_____

Submitted Under Third Circuit LAR 34.1(a)
March 26, 2007

Before:  FISHER, JORDAN and ROTH, *Circuit Judges*.

(Filed: April 23, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Quan Fa Lin ("Lin") seeks review of an order of the Board of Immigration

Appeals ("BIA") affirming the denial of his request for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). For the reasons set forth below, we will deny the petition.

## I.

Because we write only for the parties, we forgo a lengthy recitation of the factual and procedural background of this case. Lin, a native and citizen of the People's Republic of China, entered the United States illegally through Mexico on January 29, 2003. On September 13, 2003, Lin filed a petition for asylum, withholding of removal and protection under the CAT on the ground that his wife had been involuntarily sterilized.[1] He admitted in his application for asylum that he had entered the country illegally.

At his immigration hearing, Lin testified that he was born and married in Changle City and that, after his marriage, he and his wife moved to Guangzhou in order to hide from government officials while having children. Lin further testified that on October 26, 2001, while visiting Changle City to attend his mother-in-law's funeral, local officials forcibly sterilized his wife and fined him upon realizing that they had violated China's family planning policies by not waiting four years before giving birth to their second

---

[1] In *In re C-Y-Z*, 21 I & N Dec. 915, 918 (BIA 1997), the BIA determined that a petitioner could file for asylum on the basis of his spouse's forced sterilization. We have yet to expressly adopt the holding of *C-Y-Z*, *Chen v. Ashcroft*, 381 F.3d 221, 226-27 (3d Cir. 2004), and need not do so today as we affirm on other grounds.

2

child.  Lin testified that on January 12, 2003, he left China in an effort to gain asylum in the United States.

By oral decision dated July 26, 2004, the Immigration Judge ("IJ") denied Lin's application for asylum, withholding of removal, and protection under the CAT, citing specific contradictions and inconsistencies in his testimony and deeming him not credible. On November 3, 2005, the BIA adopted and affirmed the IJ's decision. On December 1, 2005, Lin timely filed a petition with this Court to review the order of the BIA.

II.

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1).  In this case, because the BIA affirmed the IJ's decision without opinion, we review the decision of the IJ.  *Zhang v. Gonzales*, 405 F.3d 150, 155 (3d Cir. 2005).

An alien has the burden of supporting his claims for relief from removal.  His testimony alone, if credible, may be sufficient to meet that burden.  *Dia v. Ashcroft*, 353 F.3d 228, 247 (3d Cir. 2003) (en banc).  As Lin only appeals the IJ's credibility determination, we focus our discussion on that decision.  An adverse credibility determination is a finding of fact which is "conclusive if there is substantial evidence in the record to support it."  *Senathirajah v. INS*, 157 F.3d 210, 216 (3d Cir. 1998) (citation omitted).  We grant substantial deference to the IJ's credibility determination, recognizing that an "immigration judge alone is in a position to observe an alien's tone and demeanor, to explore inconsistencies in testimony, and to apply workable and consistent standards in

3

the evaluation of testimonial evidence . . . to decide whether an alien's testimony has about it the ring of truth." *Abdulrahman v. Ashcroft*, 330 F.3d 587, 597 (3d Cir. 2003) (quoting *Sarvia-Quintanilla v. INS*, 767 F.2d 1387, 1395 (9th Cir. 1985)). We must, therefore, affirm the opinion of the IJ "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## III.

In this case, Lin argues that the adverse credibility determination is not supported by substantial evidence, and any inconsistencies in his testimony are minor and do not go to the heart of the asylum claim. Additionally, Lin submits that the findings of the IJ are based on speculation and conjecture. After reviewing the record, we conclude that there are sufficient material inconsistencies to uphold the adverse credibility determination and that substantial evidence supports the findings of the IJ.

The IJ first pointed to inconsistencies in Lin's testimony regarding where he lived, worked, and started his family. In his testimony, Lin claimed that his wife was forcibly sterilized seven years after last giving birth. To explain the seven-year delay, Lin testified that after his marriage in his home town of Changle City, he and his wife moved to Guangzhou to work unofficially and avoid Changle City's strict family planning policy. While in Guangzhou, Lin's wife gave birth to two children within a four year period. However, it was not until their return to Changle City seven years later, to attend Lin's mother-in-law's funeral, that his wife was spotted and taken to be sterilized. However,

4

the IJ determined that all of the documents submitted by Lin, aside from a letter from his wife, stated that his children were both born and raised in Changle City. In addition, the IJ found no documentary proof that Lin ever worked in Guangzhou. In fact, Lin's floating population card fails to indicate that Lin was ever outside of Changle City for employment purposes. The IJ found these inconsistencies to be very serious.

However, at least as to these inconsistencies, we agree with Lin that they are insufficient for an adverse credibility determination. As Lin has rightly indicated in his brief, if Lin and his wife were hiding from the authorities in Guangzhou, it is highly unlikely that they would have official documentation of their time there. Therefore, standing alone, this reasoning of the IJ would be insufficient for an appropriate adverse credibility determination.

However, the IJ found other inconsistencies that do support her determination. First, Lin testified that, after his wife's sterilization, he paid the whole of a fine for violating China's family planning policies. Yet, in a letter sent to the IJ, Lin's wife claims that it was she who actually paid the fine. In addition, Lin's credibility was weakened by the fact that he admitted to having told his wife what the contents of her letter to the IJ should be. While the evidence the IJ used to make an adverse credibility determination is certainly not overwhelming, it is "more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ezeagwuna v. Ashcroft*, 301 F.3d 116, 126 (3d Cir. 2002).

5

However, even if the IJ did not make a specific adverse credibility determination, the IJ's decision is still supported by substantial evidence. A petitioner bears the burden of proving his asylum claim. *Dia*, 353 F.3d at 247. Lin had no evidence, other than his own statement and that of his wife, that she was sterilized by force, not by choice. Lin testified before the IJ that, following the birth of their two children, Lin's wife began to suffer from reproductive health problems that could have been solved with sterilization. He offered no evidence proving that it was forced sterilization, and not these health problems, that led to his wife's sterilization. Further, as the letter from Lin's wife affirming the forced sterilization was, in essence, dictated by Lin to his wife, the IJ could have reasonably found there was insufficient evidence of a forced sterilization.

The IJ's determination that Lin failed to meet his burden of proof is based on substantial evidence. The inconsistencies regarding payment of the fine and Lin's wife's letter are not based on speculation and conjecture, but represent "concrete, specific, and cogent" discrepancies and failures to corroborate which are directly related to Lin's claim of persecution and as such provide an adequate basis for the IJ's adverse credibility determination. *See Barishaj v. Ashcroft*, 378 F.3d 314, 324 (3d Cir. 2004). There is nothing in the record that would compel a reasonable adjudicator to reach a conclusion contrary to that reached by the IJ.[2]

---

[2]Because Lin failed to meet the eligibility requirements for asylum, he could not meet the more stringent applicable standard for withholding of removal. *See Janusiak v. INS*, 947 F.2d 46, 47 (3d Cir. 1991). Also, nothing in the record supports a likelihood of

IV.

For the foregoing reasons, we conclude that substantial evidence supports the BIA's and IJ's decisions to deny relief, and we will accordingly deny the petition for review.

---

Lin being tortured upon his return to China.  Accordingly, the CAT claim was properly rejected.